CATHERINE A. BOYLE, RESPONDENT, *v.* THE CITY OF BROOKLYN, APPELLANT.

*Assessment — action to set aside as illegal — defects in — must not be such as would appear in proceedings to enforce.*

In an action to vacate and set aside an assessment as illegal, it is not enough to allege that the proceedings, although in fact invalid, appear on their face to be regular, but to sustain the action it must appear that the defects alleged are such as would not necessarily appear in proceedings to enforce the lien of the assessment.

APPEAL from an order made at a Special Term overruling a demurrer interposed to a complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The complaint set forth certain proceedings taken by the former board of water and sewerage commissioners of the city of Brooklyn, under chapter 652, Laws of 1870, for the repavement of Atlantic avenue which, subject to the provisions of chapter 387 of the Laws of 1874, resulted in an assessment upon plaintiff's land, which she sought to remove as a cloud upon her title, and alleged, in substance, that upon the proceedings for repaving Atlantic avenue, which appear regular and correct and according to the statute, a majority of the owners of lots fronting thereon did not sign the petition therefor, because persons signing the same, as owners fronting thereon, were not such and had no right to be included in the petition, and without their names a majority of said owners did not sign. That such assessments, on her premises for the repaving aforesaid, were unjust and illegal, and because the irregularity stated did not appear in the proceedings in relation thereto, but were outside of the same, the plaintiff was remediless except by this action wherein she could show the facts and matters herein set forth; therefore she asked that the assessment on her premises be decreed to be vacated and set aside.

*William C. De Witt*, for the appellant.

*Philip S. Crooke*, for the respondent.

GILBERT, J. :

This case is clearly within the principle of *Marsh* v. *The City of Brooklyn* (59 N. Y., 280). It is not enough that the proceedings, although in fact invalid, appear on their face to be regular. The defects alleged must be such as would not necessarily appear in proceedings to enforce the lien of the assessment. That is not the case here. Proof of a petition by a majority of the owners would be essential in any proceeding founded on the assessment to recover possession of the premises assessed. Such proof necessarily involves two facts, namely : that those who signed the petition were owners of lots, and that the same fronted on Atlantic avenue. If the fact be as alleged, that a strip of land intervened between the north line of the lots of some of the petitioners, and the southerly line of the avenue as legally constituted, that fact would show that the names of such petitioners ought not to be counted in determining whether a majority had petitioned or not. Still the burden would remain upon those claiming under the assessment of proving that, in point of fact, a majority of owners whose lots fronted on the avenue, as legally laid out, did petition. (59 N. Y., *supra ;* 58 id., 463 ; 41 id., 123 ; 56 id., 257 ; 40 id., 547 ; 48 id., 406.)

But the averment of the complaint on this subject is wholly defective. It states no fact showing that the strip of land referred to was nòt legally incorporated into the avenue, nor does it set forth that no proceedings were taken on behalf of the city for that purpose, nor that it was not ceded to the city or dedicated to the public. In short, it avers a mere legal conclusion. We can and ought to take judicial notice of the fact that the existence of Atlantic avenue in its entire width had been repeatedly recognized by the legislature as a street, before the assessment in question was imposed, and that as early as 1862 it was provided by statute that streets and avenues which had then been, or might thereafter be, thrown out to public use, and used as such for five years continuously, should be deemed and taken to be public streets and avenues, and that the city of Brooklyn and the common council and water commissioners thereof should have all jurisdiction and power in respect thereto, the·same as if such streets and avenues had been opened by proceedings pursuant to the charter of the city. (Laws 1862, chap. 63, § 41, p. 204.) The complaint contains no averment that the strip of land

mentioned was not so thrown out for public use, and used for five years continuously. Whether this provision will suffice to divest the owner of such strip of any interest in the land or not, it is immaterial to inquire. It is sufficient to destroy the objection of the plaintiff who has no interest therein, that other persons who own lots adjoining such strip have no front on the avenue.

We think the order appealed from is erroneous and should be reversed, and that the defendant should have judgment on the demurrer, with costs, but with leave to the plaintiff to amend in twenty days on payment of costs.

BARNARD, P. J., concurred. DYKMAN, J., not sitting.

Order overruling demurrer reversed, with costs, and demurrer sustained with leave to plaintiff to amend in twenty days on payment of costs.